# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00022-CR

**Anthony Germaine Nelson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
## NO. 65589, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Anthony Germaine Nelson was placed on deferred adjudication community supervision after he pleaded guilty to aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02 (West 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2010). Five months later, the trial court granted the State's motion to adjudicate after finding that Nelson had violated the conditions of supervision.[1]  The court adjudicated Nelson guilty, revoked his community supervision, and assessed his punishment at eight years' confinement in the Texas Department of Criminal Justice. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2010); Tex. Penal Code Ann. § 12.33 (West 2011).

---

[1]  The State's motion to adjudicate contained three allegations.  After Nelson pleaded true to the third allegation, the State presented evidence as to the other two allegations.  The trial court found all three allegations to be true.

Nelson's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988).

Nelson received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a *pro se* brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Nelson has filed three *pro se* responses with this Court complaining that (1) his appointed counsel at the plea hearing was ineffective; (2) his guilty plea was involuntary; (3) the plea bargain with the State violated his right to due process, (4) he is not guilty because he acted either in self-defense or in defense of his property, and (5) statements made by the prosecutor at the revocation hearing constitute defamation of character.

Appellate review of an order adjudicating guilt ordinarily is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms and conditions of his community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b); *see also Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). Error in the original plea proceeding must be appealed when the conditions of deferred adjudication are originally imposed. *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). An appellant may not appeal matters relating to the original plea proceeding after

his community supervision has been revoked and his adjudication of guilt formally made.[2] *Manuel*, 994 S.W.2d at 661-62.

All but one of Nelson's complaints relate to the original plea proceeding and may not be properly raised in this appeal from the order revoking his deferred adjudication community supervision. Thus, these complaints do not raise arguably meritorious grounds for an appeal. Nelson's complaint concerning the purported defamation of character by the State also fails to raise an arguably meritorious ground for review. Even assuming the complained-of comment was defamatory, such a comment does not constitute grounds for reversal of the trial court's order adjudicating guilt and revoking community supervision, particularly in light of Nelson's plea of true.[3] Moreover, it is clear from the record that the prosecutor was merely narrating the facts of the offense during the State's request for adjudication of guilt and revocation of community supervision, not defaming Nelson's character.

We have reviewed the record, including appointed counsel's brief and Nelson's *pro se* responses, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

---

[2] There are two limited exceptions to the general rule that the original plea cannot be attacked on an appeal of the revocation proceedings: the "void judgment" exception and the "habeas corpus" exception. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Neither of those exceptions applies here.

[3] A plea of "true" to even one allegation in the State's motion to revoke is sufficient to support a judgment revoking community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *see Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.).

However, we note that the judgment adjudicating guilt contains clerical errors. First, the judgment incorrectly reflects that Nelson pleaded "Not True" to the motion to adjudicate when, in fact, he pleaded "True" to paragraph C, the third allegation contained in the motion to adjudicate. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See*. Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to reflect that Nelson pleaded "True" to the motion to adjudicate. *See Britton v State*, No. 02-10-00299-CR, 2011 WL 4345288, at *1 (Tex. App.—Fort Worth September 15, 2011, no pet. h.) (mem. op., not designated for publication) (modifying judgment to reflect proper plea to enhancement paragraphs before affirming conviction in frivolous appeal under *Anders*); *Davis v. State*, No. 01-02-00404-CR, 2003 WL 139655, at *1 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect proper plea before affirming conviction in frivolous appeal under *Anders*).

Second, the judgment adjudicating guilt orders Nelson to pay attorney's fees in the amount of $845.00. A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by the record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Mayer*, 309 S.W.3d at 557.

4

The record reflects that the trial court found Nelson indigent on two occasions and appointed counsel to represent him at trial, at the revocation hearing, and again on appeal. Once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); *Mayer*, 309 S.W.3d at 557. Nothing in the record indicates a change in Nelson's financial circumstances. Further, the record contains no determination by the trial court that Nelson has the ability to pay attorney's fees and we find no factual basis in the record to support such a determination. We, therefore, modify the judgment adjudicating guilt to delete the order that Nelson pay $845.00 in attorney's fees. *See Boone v. State*, No. 03-10-00440-CR, 2011 WL 3250573, at *1 (Tex. App.—Austin July 28, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees from bill of costs before affirming conviction in frivolous appeal under *Anders*).

As modified, the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Modified and, as Modified, Affirmed

Filed: November 9, 2011

Do Not Publish

5